UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED PRECISION PRODUCTS
CO., INC.,**

      Plaintiff/Counter-Defendant,

                                 HONORABLE DENISE PAGE HOOD

vs.

                                 Case No. 06-14883

**AVCO CORPORATION,**

      Defendant/Counter-Plaintiff.

_____/

**ORDER REGARDING DEFENDANT'S RENEWED MOTION FOR JUDGMENT
AS A MATTER OF LAW UNDER FED. R. CIV. P. 50 OR,
IN THE ALTERNATIVE, FOR NEW TRIAL UNDER FED. R. CIV. P. 59
and
MOTION FOR AWARD OF INTEREST AND COSTS**

**I.      BACKGROUND**

This matter is before the Court on Defendant Avco Corporation's ("Avco") Renewed Motion for Judgment as a Matter of Law under Fed. R. Civ. P. 50, or in the alternative, for New Trial under Fed. R. Civ. P. 59. The jury trial began on August 2, 2010. On August 17, 2010, the Jury rendered its verdict in favor of Plaintiff United Precision Products Co., Inc. ("UPP") in the amount of $175,000.00 and the Judgment was entered on the same date. On September 13, 2010, Avco filed a Renewed Motion for Judgment as a Matter of Law and Notice of Appeal to the United States Court of Appeals for the Sixth Circuit on September 14, 2010. UPP filed a Notice of Cross Appeal on September 27, 2010. UPP filed a Motion to Award of Interest and Costs on September 14, 2010. Briefs in response and in reply have been filed by the parties as to the two motions before the Court.

**II.     DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW,**

**ALTERNATIVELY, A NEW TRIAL**

  **A.**  **Motion for Judgment as a Matter of Law**

Avco raises two issues in its Motion for Judgment as a Matter of Law. The first is that the Court allowed the jury to consider a February 22, 2002 email referencing the buy-out term and testimony concerning the email which Avco claims should have been excluded by parol evidence. The second issue is that UPP impermissibly requested and received an award of damages for interest payments UPP made to a third-party lender which Avco claims was consequential damages which UPP was not entitled to under Michigan law.

Motions for Judgment as a Matter of Law is governed by Rule 50(a) of the Rules of Civil Procedure which provides:

> (a) Judgment as a Matter of Law.
>
>  (1) *In General.* If a party has been fully heard on an issue during a jury trial and the court finds that reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>  (A) resolve the issue against the party; and
>  (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
>
>  (2) *Motion.* A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

Fed. R. Civ. P. 50(a). If the court does not rule on the motion for judgment as a matter of law after the close of all the evidence the court is considered to have submitted the action to the jury. Fed.R.Civ.P. 50(b). The motion may be renewed by filing a motion no later than 28 days after the judgment has been entered. Rule 50(b).

Judgment as a matter of law is appropriate when "viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion in favor of the moving party." *Tisdale v. Federal Express, Corp.,* 415 F.3d 516, 527 (6th Cir. 2005); *Jackson v. Quanex Corp.*, 191 F.3d 647, 657 (6th Cir. 1999). "The evidence should not be weighed, and the credibility of the witnesses should not be questioned. The judgment of this court should not be substituted for that of the jury; instead, the evidence should be viewed in the light most favorable to the party against whom the motion is made, and that party given the benefit of all reasonable inferences." *Tisdale,* 415 F.3d at 530. "[W]henever there is a complete absence of pleading or proof on an issue material to the cause of action or when no disputed issues of fact exist such that reasonable minds would not differ" only then is it appropriate to take the case away from the jury. *O'Neill v. Kiledjian*, 511 F.2d 511, 513 (6th Cir. 1975).

### B.     Parol Evidence

Avco argues that because the "dedicated inventory buy-out term" was not included in the Purchase Orders, the Court should not have allowed evidence and testimony regarding the dedicated inventory buy-out term at trial. Avco claims UPP did not object to the Purchase Orders and acted accordingly under the Purchase Orders. In response, UPP asserts there was sufficient evidence at trial to support the jury's determination that the Purchase Orders were not the complete and integrated agreement between the parties.

The parole evidence rule in Michigan states in relevant part:

> [C]onsistent additional terms, not reduced to writing, may be provided unless the court finds that the writing was intended by both parties as a complete and exclusive statement of all the terms. If the additional terms are such that, if agreed upon, they would certainly have been included in the document in the view of the court, then

3

evidence of their alleged making must be kept from the trier of fact.

*See* M.C.L.A. § 440.2202. "[P]arol evidence of contract negotiations, or of prior or contemporaneous agreements that contradict or vary the written contract, is not admissible to vary the terms of a contract which is clear and unambiguous." *UAW-GM Human Resources Ctr. v. KSL Rec. Corp.,* 228 Mich. App. 486, 492; 579 N.W.2d 411 (1998). Four exceptions to the parol evidence rule allow extrinsic evidence in to show (1) the writing is a sham, not intended to create legal relations, (2) the contract has no efficacy or effect because of fraud, illegality or mistake, (3) the parties did not integrate their agreement or assent to it as the final embodiment of their understanding, (4) the agreement was only partially integrated because essential elements were not reduced to writing. *NAG Enterprise, Inc. v. All State Industries, Inc.*, 407 Mich. 407, 410-411; 285 N.W. 2d 770 (1979). Parol evidence of prior or contemporaneous agreements is admissible on the threshold issue of whether the contract is the complete integrated expression of the parties' agreement. *KSL,* 228 Mich. App. at 492. "Extrinsic evidence offered to show that a contract was not intended to be a complete expression of an agreement on the matters covered must be presented to the jury so that the jury may determine whether the contract was, in fact, intended to be the complete expression of the parties' agreement*." Johnson Controls, Inc. v. Jay Industries, Inc.*, 459 F. 3d 717 (6th Cir. 2006).

In this case, the jury was presented evidence and testimony that the Purchase Orders were not intended to be a complete expression of an agreement between the parties. Testimony and evidence was presented to the jury that the parties had a Long Term Agreement between them which governed the various orders between the parties. The evidence and testimony before the jury included the summary spreadsheet which contained the dedicated inventory provision. The email

correspondences between the parties in February 2002 included the dedicated inventory provision. The issue of whether the Purchase Orders themselves constituted the fully integrated agreement between the parties was properly before the jury as set forth in the *KSL* and *Johnson Controls* cases noted above. The jury found that the Purchase Orders alone did not constitute the fully integrated agreement between the parties and that the Long Term Agreement and the email correspondences between the parties constituted the agreement between the parties as to the dedicated inventory provision.

Viewing the light most favorable to UPP, the Court finds that there was a genuine issue of material fact for the jury to consider. The jury found in favor of UPP and against Avco on the dedicated inventory provision. The Court will not substitute its judgment for the jury's judgment on this issue. The evidence and testimony regarding the issue of whether the Purchase Orders constituted the fully integrated agreement between the parties were not barred by parole evidence. Avco's Motion for Judgment as a Matter of Law regarding the parole evidence issue is denied.

**C.     Damages**

Avco argues that UPP's damages evidence requesting "carrying costs" is nothing more than a request to recover interest payments UPP made on its indebtedness which UPP argues would have been paid down if Avco had purchased the dedicated inventory remaining on UPP's shelves. Avco claims that UPP's president, Gary Winkler, testified that UPP's request for "carrying costs" was a request for interest damages. Avco argues that as a seller of goods under the Uniform Commercial Code ("UCC"), UPP is not entitled to interest costs since these are consequential damages.

In response, UPP claims that Avco waived this argument at trial since the parties submitted an agreed jury instruction and verdict form which did not separate out the requested damages. The

verdict form was drafted by Avco's counsel and no party objected to the instruction or verdict form. UPP further claims that the damages awarded by the jury likely did not include an award for the requested carrying costs because the amount awarded was much less than the total amount requested.

A seller of goods under the UCC, is entitled to incidental damages only when a buyer refuses to pay for goods. M.C.L.A. § 440.2706(a); *Firwood Manufacturing Co., Inc. v. General Tire, Inc.,* 96 F.3d 163, 169 & n. 1 (6th Cir. 1996). Michigan law provides that a "buyer" of a defective product may seek consequential damages but that a seller may not seek consequential damages. *Neibarger v. Univ. Cooperatives,* 419 Mich. 512, 527-32 (1992); *Firwood,* 96 F.3d at 170-71. Interest paid on loans is considered consequential damage, not incidental damage. *Firwood,* 96 F.3d at 171.

The Court took under advisement Avco's argument in its motion for directed verdict that UPP's request for carrying cost was consequential damages and, therefore, should not be considered by the jury. The Court noted that it was not satisfied that the carrying cost was consequential damages as set forth in the *Firwood* case. The matter was submitted to the jury for its consideration. Fed. R. Civ. P. 50(b).

The verdict form before the jury contained special interrogatories. (Doc. No. 260) Specifically, the following was posed to the jury in the verdict form with the response noted:

> QUESTION NO. 3: Did United Precision Products suffer damages as the result of Avco's breach of the dedicated inventory buy-out term?
>
> Answer: Yes (yes or no)
>
> If your answer is "no," enter the sum of zero as Amount 1, below, and go to Question No. 4.

6

> If your answer is "yes," make the following determination:
>
> What is the dollar amount of United Precision Products' damages related to Avco's breach of the dedicated inventory buy-out term:
>
> $ 175,000.00 (Amount 1)

UPP's requested damages calculation is set forth in UPP's Exhibit 84 as follows:

| | |
|---|---|
| 1) Dedicated Inventory not purchased by Lycoming: | $159,726 |
| 2) Carrying cost of Dedicated Inventory: | $178,487 |
| 3) Lost overhead contribution due to early termination of valve seat orders: | $213,336 |
| 4) Dedicated special tooling for Lycoming: | $ 21,000 |
| | $572,549 |

(UPP Ex. 84) The parties did not request that the jury itemize its damages calculation in the jury verdict form submitted to the jury. "Because the jury simply returned a numerical amount for damages, and did not specify how it calculated damages, there is no way of knowing the jury's reasons." *Bridgeport Music, Inc. v. Justin Combs Pub.,* 507 F.3d 470, 484 (6th Cir. 2007). Based on the special interrogatories and the requested UPP damages calculation, it may be that the jury's damages calculation of $175,000.00 included item 1 at $159,726.00, plus item 4 at $21,000.00. One thing is clear, the jury did not agree with UPP's total requested damages since it awarded damages in the amount of $175,000.00, less than the total requested amount of $572,549.00.

Avco is essentially seeking remittitur of the jury verdict. The distinction between incidental and consequential damages issue in *Firwood* was analyzed in connection with a remittitur motion. *Firwood,* 96 F.3d at 169. As a general rule, a jury verdict should not be remitted by the court "unless it is beyond the maximum damages that the jury reasonably could find to be compensatory for a party's loss." *Jackson v. Cookeville,* 31 F.3d 1354, 1359 (6th Cir. 1994). An award must stand

unless it is: 1) beyond the range of supportable by proof; or 2) so excessive as to shock the conscience; or 3) the result of a mistake. *Gregory V. Shelby County, Tenn.,* 220 F.3d 433, 443 (6th Cir. 2000). The damages award is within the range of proof before the jury. The amount of damages does not shock the conscience and has not been shown to be the result of a mistake. The Court will not reduce or reconsider the damages awarded by the jury. In the *Firwood* case, the interest portion of the damages was specifically delineated from the other damages on the verdict form. *Firwood,* 96 F.3d at 165. As noted, the verdict form did not request the jury to itemize its damages calculation. Even if this Court ruled that the carrying cost was consequential damages, the Court would not remit the jury's award since the amount awarded is within the range of proof before the jury without the carrying cost listed in item 2 of UPP's exhibit 84. The Court denies Avco's Renewed Motion for Judgment as a Matter of Law on the consequential damage issue.

### D. MOTION FOR NEW TRIAL

Avco alternative seeks a new trial. Rule 59 of the Federal Rules of Civil Procedure provides that a new trial may be granted to all or any of the parties and on all or part of the issues for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States. Fed. R. Civ. 59. Specific grounds for new trial have included: that the verdict is against the weight of the evidence; that the damages are excessive; that for other reasons the trial was not fair; that there were substantial errors in the admission or rejection of evidence; that the giving or refusal of instructions were in error; and misconduct of counsel. *Clark v. Esser*, 907 F.Supp. 1069, 1073 (E.D. Mich. 1995); *City of Cleveland v. Peter Kiewit Sons' Co.*, 624 F.2d 749 (6th Cir. 1980). The grant or denial of a new trial is purely within the discretion of the trial court and will not be reversed except upon a showing of abuse of discretion. *Logan v. Dayton Hudson*

*Corp.*, 865 F.2d 789, 790 (6th Cir. 1989). The trial court has broad discretion in deciding a motion for a new trial to prevent a miscarriage of justice. *Clark*, 907 F.Supp. at 1073; *City of Cleveland*, 624 F.2d at 756; *Fryman v. Federal Crop Ins. Corp.*, 936 F.2d 244, 248 (6th Cir. 1991).

Other than the issues raised in its Motion for Judgment as a Matter of Law, Avco does not raise any other errors during the trial. Avco's alternative Motion for New Trial is denied for the same reasons set forth above.

### III. PLAINTIFF'S MOTION FOR AWARD OF INTEREST AND COSTS

UPP filed a Motion for Award of Interest and Costs as the prevailing party in this case. A response to the motion was filed by Avco and UPP filed a reply to the response.

Costs are governed by Fed.R.Civ.P. 54(d). Costs, other than attorney fees, are allowed under Fed.R.Civ.P. 54(d)(1) and 28 U.S.C. § 1920 *et seq.* Costs are to be submitted to the Taxation Clerk and taxed by the Clerk's Office pursuant to E.D. Mich. LR 54.1 and the Bill of Costs Handbook, p. 1 ("It is the duty of the Clerk to Tax Costs ... to tax all allowable costs."). A party may file within seven days of the Taxation Clerk's action a motion to review before the District Judge. Bill of Costs Handbook, p. 1. In this case, the Taxation Clerk has yet to review the costs.

As to the issue of pre-judgment interest under M.C.L.A. § 600.6013 applicable to monetary judgments, Avco agrees that UPP is entitled to such interest but disagrees as to the amount. Avco argues that UPP is not entitled to certain costs. The Court finds that Avco is entitled to pre-judgment interest under M.C.L.A. § 600.6013. After the Taxation Clerk's review of the costs and any objections to the Clerk's review have been resolved, the parties will confer and submit a new calculation of the judgment amount to the Court.

UPP asserts that it is entitled to $40.77 per day after August 31 2010 in interest. Avco

9

responds that the post-judgment interest rate is governed by federal law under 28 U.S.C. § 1961 and that based on this interest rate, the per diem rate is $1.50, rather than $40.77. UPP did not object to Avco's argument regarding post-judgment interest rate in its reply brief. The Court finds post-judgment interest is governed by 28 U.S.C. § 1961 at the undisputed rate of 0.25%.

## IV.     CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant's Renewed Motion for Judgment as a Matter of Law **[Doc. No. 262]** is DENIED.

IT IS FURTHER ORDERED that UPP's Motion for Award of Interest and Costs **[Doc. No. 266]** is GRANTED IN PART and DENIED IN PART without prejudice. After review by the Taxation Clerk of the Bill of Costs and after any objections to the taxed costs have been resolved, the parties will meet and confer and UPP will submit a revised monetary judgment award to the Court.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: March 2, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 2, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager